UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-23881

YAMIL AVALOS,
YOSIEL CABRERA TRUJILLO,
JORGE DERAS,
EDUARDO DIAZ WALKER,
LEONARDO FLORENTINO DUARTE VIDAL,
JUAN JESUS FERNANDEZ ACHOY,
ROBERT GOMEZ BORGES,
SAMUEL    GONZALEZ    RODILES,
ANTONIO LLANO COLOME,
RAUL MAYANS, and
ALBERTO MIRANDA,

      Plaintiffs,

vs.

PIKE ELECTRIC, LLC,

      Defendant.

_____/

## **COMPLAINT**

Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Juan Jesus Fernandez Achoy, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, through their undersigned counsel and sue Defendant, Pike Electric, LLC, as follows:

### *Introduction*

1.    Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Juan Jesus Fernandez Achoy, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, worked as electricians for Defendant, Pike Electric, LLC, and filed this lawsuit to obtain recourse for the

1

ways in which it treated them differently and ultimately fired them because they are Hispanic.

### *Parties, Jurisdiction, and Venue*

2. **Plaintiff, Yamil Avalos**, was and is a resident of Miami-Dade County, Florida, at all times material, over 18 years old, and he is *sui juris*.

3. Mr. Avalos was at all times material a Hispanic man and a member of a class of persons protected from discrimination in employment pursuant to the Florida Civil Rights Act of 1992 ("FCRA").

4. Mr. Avalos worked as a cable splicer for Defendant.

5. The EEOC issued a Notice of Right to Sue to Mr. Avalos on September 16, 2021.

6. **Plaintiff, Yosiel Cabrera Trujillo**, was and is a resident of Miami-Dade County, Florida, at all times material, over 18 years old, and he is *sui juris*.

7. Mr. Cabrera was at all times material a Hispanic man and a member of a class of persons protected from discrimination in employment.

8. Mr. Cabrera worked as a helper for Defendant.

9. The EEOC issued a Notice of Right to Sue to Mr. Cabrera on September 15, 2021.

10. **Plaintiff, Jorge Deras**, was and is a resident of Miami-Dade County, Florida, at all times material, over 18 years old, and he is *sui juris*.

11. Mr. Deras was at all times material a Hispanic man and a member of a class of persons protected from discrimination in employment.

12. Mr. Deras worked as a foreman for Defendant.

13. The EEOC issued a Notice of Right to Sue to Mr. Deras on September 20, 2021.

14. **Plaintiff, Eduardo Diaz Walker**, was and is a resident of Miami-Dade County, Florida, at all times material, over 18 years old, and he is *sui juris*.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
Tel 305.230.4884   Fax 305.230.4844
*www.fairlawattorney.com*

15.     Mr. Diaz was at all times material a Hispanic man and a member of a class of persons protected from discrimination in employment.

16.     Mr. Diaz worked as a foreman for Defendant.

17.     The EEOC issued a Notice of Right to Sue to Mr. Diaz on September 16, 2021.

18.     **Plaintiff, Leonardo Duarte Vidal**, was and is a resident of Miami-Dade County, Florida, at all times material, over 18 years old, and he is *sui juris*.

19.     Mr. Duarte was at all times material a Hispanic man and a member of a class of persons protected from discrimination in employment.

20.     Mr. Duarte worked as a cable splicer for Defendant.

21.     The EEOC issued a Notice of Right to Sue to Mr. Duarte on September 16, 2021.

22.     **Plaintiff, Juan Jesus Fernandez Achoy**, was and is a resident of Miami-Dade County, Florida, at all times material, over 18 years old, and he is *sui juris*.

23.     Mr. Fernandez was at all times material a Hispanic man and a member of a class of persons protected from discrimination in employment.

24.     Mr. Fernandez worked as a helper for Defendant.

25.     The EEOC issued a Notice of Right to Sue to Mr. Fernandez on September 20, 2021.

26.     **Plaintiff, Roberto Gomez Borges**, was and is a resident of Miami-Dade County, Florida, at all times material, over 18 years old, and he is *sui juris*.

27.     Mr. Gomez was at all times material a Hispanic man and a member of a class of persons protected from discrimination in employment.

28.     Mr. Gomez worked as a cable splicer for Defendant.

29.     The EEOC issued a Notice of Right to Sue to Mr. Gomez on September 15, 2021.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

30.    **Plaintiff, Samuel Gonzalez Rodiles**, was and is a resident of Miami-Dade County, Florida, at all times material, over 18 years old, and he is *sui juris*.

31.    Mr. Gonzalez was at all times material a Hispanic man and a member of a class of persons protected from discrimination in employment.

32.    Mr. Gonzalez worked as a cable splicer for Defendant.

33.    The EEOC issued a Notice of Right to Sue to Mr. Gonzalez on September 17, 2021.

34.    **Plaintiff, Antonio Llano Colome**, was and is a resident of Miami-Dade County, Florida, at all times material, over 18 years old, and he is *sui juris*.

35.    Mr. Llano was at all times material a Hispanic man and a member of a class of persons protected from discrimination in employment.

36.    Mr. Llano worked as a foreman for Defendant.

37.    The EEOC issued a Notice of Right to Sue to Mr. Llano on September 16, 2021.

38.    **Plaintiff, Raul Mayans Sanchez**, was and is a resident of Miami-Dade County, Florida, at all times material, over 18 years old, and he is *sui juris*.

39.    Mr. Mayans was at all times material a Hispanic man and a member of a class of persons protected from discrimination in employment.

40.    Mr. Mayans worked as a cable splicer for Defendant.

41.    The EEOC issued a Notice of Right to Sue to Mr. Mayans on September 16, 2021.

42.    **Plaintiff, Alberto Miranda**, was and is a resident of Miami-Dade County, Florida, at all times material, over 18 years old, and he is *sui juris*.

43.    Mr. Miranda was at all times material a Hispanic man and a member of a class of persons protected from discrimination in employment.

4

44.     Mr. Miranda worked as a foreman for Defendant.

45.     The EEOC issued a Notice of Right to Sue to Mr. Miranda on September 20, 2021.

46.     **Defendant, Pike Electric, LLC,** is *sui juris* limited liability corporation out of North Carolina that conducts business in this District.

47.     Defendant was and is responsible for the conduct, acts, and omissions of its officers, managers, supervisors, and employees at all times material to this action.

48.     This is an action for damages greater than $100,000, and this Court has jurisdiction over this matter.

49.     This Court has original jurisdiction over Plaintiffs' claims that arise under federal law pursuant to 28 U.S.C. §1331 and supplemental/pendent jurisdiction over Plaintiffs' related state law claims pursuant to 28 U.S.C. §1367.

50.     Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant is a foreign corporation that maintains multiple offices within this District and because most of the actions complained of occurred within this District.

### *Common Factual Background*

51.     Defendant describes itself on its website, www.pike.com, as "an Energy Solutions Company with turnkey services including engineering, design, construction and maintenance of transmission, distribution and substations up to 500 kV."

52.     Defendant employed more than 50 people in Miami-Dade and Broward Counties at all times relevant to this action.

53.     Defendant worked with Florida Power & Light in the construction, maintenance, and repair of underground electrical distribution systems during the time period relevant to this action.

5

54.     FPL contracted with Defendant to construct / reconstruct underground cabling at various locations throughout Miami-Dade and Broward Counties.

55.     Defendant's course and practice was and remains to provide preferential treatment to its non-Hispanic employees to the detriment of its Hispanic employees.

56.     Defendant engaged in a pattern of discriminatory actions through its systemic differential treatment of Hispanic employees.

57.     Plaintiffs were all last "based" out of Defendant's office in Pembroke Pines, Florida, where Defendant maintained an office, while Plaintiffs performed their jobs in Miami-Dade and Broward Counties.

58.     During their work at the jobsites designated by Defendant, Defendant treated Plaintiffs and its other Hispanic employees (and now former employees) less favorably than its non-Hispanic employees in several material ways.

59.     Defendant ultimately terminated the employment of Plaintiffs and other Hispanic employees because they are Hispanic, while retaining employees similarly situated to Plaintiffs in all material respects, who were not Hispanic, who either live and/or were "based" out of Defendant's West Palm Beach office, and who had less seniority than Plaintiffs.

60.     Plaintiffs were treated differently, discriminated against, subjected to negative treatment, and had their employment terminated because they are Hispanic.

61.     Put another way, the fact that Plaintiffs are Hispanic was a motivating factor in the differential treatment they received and the adverse employment actions that Defendant took against them.

62.     In subjecting Plaintiffs to this differential treatment and to these adverse employment actions based on their being Hispanic, Defendant intentionally discriminated against

6

Plaintiffs with respect to the terms, conditions, and privileges of employment, as well as the decision to terminate their employment.

63.     All conditions precedent were performed by Plaintiffs, occurred, or were waived by the Defendant, including through Plaintiffs dual-filing their Charge(s) of Discrimination with the EEOC and the FCHR. More than 180 days have elapsed since the filing of Plaintiffs' Charges of Discrimination, and they filed this Complaint within 90 days of the EEOC's issuance of the Notices of Right to Sue to each Plaintiff. (Composite Exhibit "A".)

64.     Plaintiffs agreed to pay their counsel a reasonable attorneys' fee for all services rendered.

## COUNT I – VIOLATION OF 42 U.S.C. §1981
### (RACE DISCRIMINATION)

Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further allege as follows:

65.     The Reconstruction Era Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") makes it unlawful to discriminate against an employee because of race:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. §1981.

66.     Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles,

7

Antonio Llano Colome, Raul Mayans, and Alberto Miranda, possessed the skills, background, and qualifications necessary to perform the duties of their positions.

67.     Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, performed their work for Defendant satisfactorily, and they were in all respects good employees of Defendant.

68.     Defendant discriminated against Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, by failing to treat them the same or similar to its non-Hispanic employees as a result of their race.

69.     One of the ways that Defendant treated Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, (and their current/former Hispanic employees) differently is by providing hand tools to its non-Hispanic employees, but requiring that Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, and the other Hispanic employees purchase their own hand tools because of their race.

70.     Another way that Defendant treated Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda , (and their current/former Hispanic employees) differently is by providing equipment to facilitate the work (in order to minimize the manual labor involved) to its non-Hispanic employees, but not

8

providing the equipment that would facilitate the work to Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, or its current/former Hispanic employees.

71.     Defendant also assigned the work so that Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, and its other Hispanic employees were required to perform the more difficult, technical, and/or laborious tasks, while allowing its non-Hispanic employees to perform the easier tasks, at a slower pace, and with more assistance from co-workers.

72.     Defendant paid its similarly situated non-Hispanic employees with similar tenure and experience more than the hourly rates paid to Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, and its current/former Hispanic employees, even though the non-Hispanic employees possessed the same or inferior qualifications.

73.     Defendant allowed its non-Hispanic employees to work during inclement weather such as rain, so as to allow them to continue to receive their hourly pay, but required Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, and its current/former Hispanic employees to go home, such that they were not paid on those inclement days due to their race.

74.     Ultimately, Defendant was faced with the decision about whether to terminate

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

employees, and if so, which ones.

75.     Defendant based its decision to terminate employees on their race – in particular whether they were Hispanic or not – when it terminated 23 employees on June 17-18, 2020.

76.     Defendant terminated the employment of Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, between June 17-18, 2020.

77.     All of the persons fired by Defendant on June 17-18, 2020 are/were Hispanic.

78.     Defendant filled the positions held by Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, and its other Hispanic employees by having its non-Hispanic employees who had less seniority and who were based out Defendant's West Palm Beach office take over for the work of the Hispanic employees who were performing the work, who had more seniority, who worked out of an office and who lived in areas closer to the jobsites designated by Defendant.

79.     More specifically, Defendant fired Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, and its Hispanic employees who worked out of its Pembroke Pines office and lived in Miami-Dade and Broward Counties and utilized its non-Hispanic employees who had less seniority and who worked out of its West Palm Beach and lived outside of Miami-Dade and/or Broward Counties and who had less seniority than Plaintiffs in order to continue the performance of the work at the jobsite located in Miami-Dade and Broward Counties.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

80.    The discriminatory actions of Defendant against Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, when considered individually or collectively, constitutes an adverse employment action because of their race for purposes of Section 1981.

81.    These actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of the employment of Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, employment, and/or adversely affected their status as employees.

82.    As such, the disparate treatment Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, suffered constitutes an adverse employment action for which Section 1981 provides legal recourse.

83.    Defendant's actions were malicious and demonstrated a reckless indifference to the rights of Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda.

84.    The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

85.    Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, suffered damages in the form of lost

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

86.     Pursuant to Section 1981, Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, are entitled to recover their attorneys' fees and costs from Defendant, in addition to damages and punitive damages.

WHEREFORE Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, demand the entry of a judgment in their favor and against Defendant, Pike Electric, LLC, after a trial by jury, declaring that the Defendant violated 42 U.S.C. §1981, awarding them compensatory damages including the loss of income in the past and in the future, lost benefits, seniority rights, for mental anguish, loss of dignity, other intangible injuries, for punitive damages, granting them a permanent injunction against Defendant from engaging in discriminatory employment practices on the basis of race, promoting Plaintiffs to the position to which they should be holding, and awarding them their taxable costs and attorneys' fees.

## COUNT II – VIOLATION(S) OF TITLE VII
### (DISPARATE TREATMENT – RACE)

Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, reincorporate and re-allege paragraphs 1 through 64 as though set forth fully herein and further alleges as follows:

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

87.     Defendant was at all times material the "employer" of Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, as the term is defined by the Civil Rights Act, 42 U.S.C. § 2000e(1).

88.     Each of the Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, was at all times material an "employee" of Defendant, as the term is defined by the Civil Rights Act, 42 U.S.C. § 2000e(f).

89.     Title VII of the Civil Rights Act provides as follows:

**(a)Employer practices**

It shall be an unlawful employment practice for an employer—

> **(1)** to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> **(2)** to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S. Code § 2000e–2.

90.     Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, possessed the skills, background, and qualifications necessary to perform the duties of their positions.

91.     Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles,

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

Antonio Llano Colome, Raul Mayans, and Alberto Miranda, performed their work for Defendant satisfactorily, and they were in all respects good employees of Defendant.

92.     Defendant discriminated against Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, by failing to treat them the same or similar to its non-Hispanic employees as a result of their national origin.

93.     One of the ways that Defendant treated Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, (and their current/former Hispanic employees) differently is by providing hand tools to its non-Hispanic employees, but requiring that Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, and the other Hispanic employees purchase their own hand tools because of their race.

94.     Another way that Defendant treated Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda , (and their current/former Hispanic employees) differently is by providing equipment to facilitate the work (in order to minimize the manual labor involved) to its non-Hispanic employees, but not providing the equipment that would facilitate the work to Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, or its current/former Hispanic employees because of their race.

14

95.     Defendant also assigned the work so that Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, and its other Hispanic employees were required to perform the more difficult, technical, and/or laborious tasks, while allowing its non-Hispanic employees to perform the easier tasks, at a slower pace, and with more assistance from co-workers.

96.     Defendant paid its similarly situated non-Hispanic employees with similar tenure and experience more than the hourly rates paid to Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, and its current/former Hispanic employees, even though the non-Hispanic employees possessed the same or inferior qualifications.

97.     Defendant allowed its non-Hispanic employees to work during inclement weather such as rain, so as to allow them to continue to receive their hourly pay, but required Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, and its current/former Hispanic employees to go home, such that they were not paid on those inclement days because of their race.

98.     Ultimately, Defendant was faced with the decision about whether to terminate employees, and if so, which ones.

99.     Defendant based its decision to terminate employees on their race – in particular whether they were Hispanic or not – when it terminated 23 employees on June 17-18, 2020.

100.    Defendant terminated the employment of Plaintiffs, Yamil Avalos, Yosiel Cabrera

15

Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez

Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda,

between June 17-18, 2020.

101.    All of the persons fired by Defendant on June 17-18, 2020 are/were Hispanic.

102.    Defendant filled the position held by Plaintiffs, Yamil Avalos, Yosiel Cabrera

Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez

Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda,

and its other Hispanic employees by having its non-Hispanic employees who had less seniority and

who were based out Defendant's West Palm Beach office take over for the work of the Hispanic

employees who were performing the work, who had more seniority, and who worked out of an

office and who lived in areas closer to the jobsites designated by Defendant.

103.    More specifically, Defendant fired Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo,

Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges,

Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, and its

Hispanic employees who had more seniority, who worked out of its Pembroke Pines office and

lived in Miami-Dade and Broward Counties and utilized its non-Hispanic employees who worked

out of its West Palm Beach and lived outside of Miami-Dade and/or Broward Counties and who

had less seniority than Plaintiffs in order to continue the performance of the work at the jobsite

located in Miami-Dade and Broward Counties.

104.    Defendant engaged in the above-referenced unlawful "employer practices" as the

term is defined by 42 U.S. Code § 2000e–2 by engaging in the aforesaid actions.

105.    The discriminatory actions of Defendant against Plaintiffs, Yamil Avalos, Yosiel

Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, when considered individually or collectively, constitutes an adverse employment action because of their race for purposes of Title VII of the Civil Rights Act.

106.    These actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of the employment of Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, and/or adversely affected their status as employees.

107.    As such, the disparate treatment they suffered constitutes an adverse employment action within the meaning of Title VII of the Civil Rights Act.

108.    Defendant's actions were malicious and demonstrated a reckless indifference to the rights of Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, pursuant to Title VII of the Civil Rights Act.

109.    The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

110.    Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, suffered damages in the form of lost income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

111.    Pursuant to Title VII of the Civil Rights Act Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez

17

Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, are entitled to recover their attorneys' fees and costs from Defendant, in addition to damages and punitive damages

WHEREFORE Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, demand the entry of a judgment in their favor and against Defendant, Pike Electric, LLC, after a trial by jury, declaring that Defendant violated Title VII of the Civil Rights Act in discriminating against them because of their race, awarding them compensatory damages including the loss of income in the past and in the future, lost benefits, seniority rights, for mental anguish, loss of dignity, other intangible injuries, for punitive damages, granting them a permanent injunction against Defendant from engaging in discriminatory employment practices on the basis of race, promoting Plaintiffs to the position to which they should be holding, and awarding them their taxable costs and attorneys' fees.

### <u>COUNT III – VIOLATION(S) OF TITLE VII</u><br>(<u>DISPARATE TREATMENT – NATIONAL ORIGIN</u>)

Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, reincorporate and re-allege paragraphs 1 through 64 as though set forth fully herein and further alleges as follows:

112.     Defendant was at all times material the "employer" of Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146<br>tel 305.230.4884   fax 305.230.4844<br>*www.fairlawattorney.com*

Alberto Miranda, as the term is defined by the Civil Rights Act, 42 U.S.C. § 2000e(1).

113.   Each Plaintiff, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, was at all times material an "employee" of Defendant, as the term is defined by the Civil Rights Act, 42 U.S.C. § 2000e(f).

114.   Title VII of the Civil Rights Act provides as follows:

**(a)Employer practices**

It shall be an unlawful employment practice for an employer—

> **(1)** to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> **(2)** to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S. Code § 2000e–2.

115.   Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, possessed the skills, background, and qualifications necessary to perform the duties of their positions.

116.   Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, performed their work for Defendant satisfactorily, and they were in all respects good employees of Defendant.

117.   Defendant discriminated against Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo,

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, by failing to treat them the same or similar to its non-Hispanic employees as a result of their national origin.

118.    One of the ways that Defendant treated Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, (and their current/former Hispanic employees) differently is by providing hand tools to its non-Hispanic employees, but requiring that Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, and the other Hispanic employees purchase their own hand tools because of their national origin.

119.    Another way that Defendant treated Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, (and their current/former Hispanic employees) differently is by providing equipment to facilitate the work (in order to minimize the manual labor involved) to its non-Hispanic employees, but not providing the equipment that would facilitate the work to Mr. Avalos or its current/former Hispanic employees.

120.    Defendant also assigned the work so that Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, and its other Hispanic employees were required to perform the more difficult, technical, and/or laborious tasks, while allowing its non-Hispanic employees to perform the easier tasks, at a slower

20

pace, and with more assistance from co-workers because of their national origin.

121.    Defendant paid its similarly situated non-Hispanic employees with similar tenure and experience more than the hourly rates paid to Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, and its current/former Hispanic employees, even though the non-Hispanic employees possessed the same or inferior qualifications.

122.    Defendant allowed its non-Hispanic employees to work during inclement weather such as rain, so as to allow them to continue to receive their hourly pay, but required Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, and its current/former Hispanic employees to go home, such that they were not paid on those inclement days because of their national origin.

123.    Ultimately, Defendant was faced with the decision about whether to terminate employees, and if so, which ones.

124.    Defendant terminated the employment of Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, between June 17-18, 2020.

125.    All of the persons fired by Defendant on June 17-18, 2020 are/were Hispanic.

126.    Defendant filled the positions held by Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda,

21

and its other Hispanic employees by having its non-Hispanic employees who had less seniority and who were based out Defendant's West Palm Beach office take over for the work of the Hispanic employees who were performing the work, who had more seniority, and who worked out of an office and who lived in areas closer to the jobsites designated by Defendant.

127.    More specifically, Defendant fired Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, and its Hispanic employees who worked out of its Pembroke Pines office and lived in Miami-Dade and Broward Counties and utilized its non-Hispanic employees who worked out of its West Palm Beach and lived outside of Miami-Dade and/or Broward Counties and who had less seniority than Plaintiffs in order to continue the performance of the work at the jobsite located in Miami-Dade and Broward Counties.

128.    Defendant engaged in the above-referenced unlawful "employer practices" as the term is defined by 42 U.S. Code § 2000e–2 by engaging in the aforesaid actions.

129.    The discriminatory actions of Defendant against Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, when considered individually or collectively, constitutes an adverse employment action because of their national origin for purposes of Title VII of the Civil Rights Act.

130.    These actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of the employment of Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

Miranda, and/or adversely affected their status as employees.

131.    As such, the disparate treatment they suffered constitutes an adverse employment action within the meaning of Title VII of the Civil Rights Act.

132.    Defendant's actions were malicious and demonstrated a reckless indifference to Plaintiff's rights pursuant to Title VII of the Civil Rights Act.

133.    The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

134.    Mr. Avalos suffered damages in the form of lost income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

135.    Pursuant to Title VII of the Civil Rights Act, Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, are entitled to recover their attorneys' fees and costs from Defendant, in addition to damages and punitive damages

WHEREFORE Plaintiffs, Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, demands the entry of a judgment in their favor and against Defendant, Pike Electric, LLC, after a trial by jury, declaring that the Defendant violated Title VII of the Civil Rights Act in discriminating against them because of their national origin, awarding them compensatory damages including the loss of income in the past and in the future, lost benefits, seniority rights, for mental anguish, loss of dignity, other intangible injuries, for punitive damages, granting them a permanent injunction

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
Tel 305.230.4884   Fax 305.230.4844
www.fairlawattorney.com

against Defendant from engaging in discriminatory employment practices on the basis of national origin, promoting Plaintiffs to the position to which they should be holding, and awarding them their taxable costs and attorneys' fees

### COUNT IV – VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### (DISPARATE TREATMENT – RACE)

Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, reincorporate and re-allege paragraphs 1 through 64 as though set forth fully herein and further alleges as follows:

136.    The Florida Civil Rights Act of 1992 ("FCRA") makes it unlawful for an employer such as the Defendant to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of that individual's race.

137.    Defendant was, at all times material to this action, a "person" and/or an "employer" that was and remains subject to the Florida Civil Rights Act of 1992 by employing more than 15 people for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

138.    The FCRA prohibits Defendant from making employment decisions or from taking personnel actions affecting the terms, conditions, and/or privileges of employment based upon race considerations.

139.    The FCRA allows a prevailing employee to obtain an order prohibiting Defendant from engaging in its discriminatory practice(s) and providing affirmative relief from the effects of the practice(s), to recover back pay, compensatory damages, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages. Fla. Stat. §760.11(5).

24

140.    Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, possessed the skills, background, and qualifications necessary to perform the duties of their positions.

141.    Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, performed their work for Defendant satisfactorily, and they was in all respects good employees of Defendant.

142.    Defendant discriminated against Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, by failing to treat they the same or similar to its non-Hispanic employees as a result of their race – Hispanic.

143.    One of the ways that Defendant treated Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda , (and their current/former Hispanic employees) differently is by providing hand tools to its non-Hispanic employees, but requiring that Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, and the other Hispanic employees purchase their own hand tools because of their race.

144.    Another way that Defendant treated Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda,

25

(and their current/former Hispanic employees) differently is by providing equipment to facilitate the work (in order to minimize the manual labor involved) to its non-Hispanic employees, but not providing the equipment that would facilitate the work to Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, or its current/former Hispanic employees.

145.    Defendant also assigned the work so that Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Mirand, and its other Hispanic employees were required to perform the more difficult, technical, and/or laborious tasks, while allowing its non-Hispanic employees to perform the easier tasks, at a slower pace, and with more assistance from co-workers.

146.    Defendant paid its similarly situated non-Hispanic employees with similar tenure and experience more than the hourly rates paid to Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, and its current/former Hispanic employees, even though the non-Hispanic employees possessed the same or inferior qualifications.

147.    Defendant allowed its non-Hispanic employees to work during inclement weather such as rain, so as to allow them to continue to receive their hourly pay, but required Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, and its current/former Hispanic employees to go home, such that

26

they were not paid on those inclement days because of their race.

148.     Ultimately, Defendant was faced with the decision about whether to terminate employees, and if so, which ones.

149.     Defendant based its decision to terminate employees on their race – in particular whether they were Hispanic or not – when it terminated 23 employees on June 17-18, 2020.

150.     Defendant terminated the employment of Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, between June 17-18, 2020.

151.     All of the persons fired by Defendant on June 17-18, 2020 are/were Hispanic.

152.     Defendant filled the positions held by Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, and its other Hispanic employees by having its non-Hispanic employees who had less seniority, who were based out Defendant's West Palm Beach office take over for the work of the Hispanic employees who were performing the work, who worked out of an office and who lived in areas closer to the jobsites designated by Defendant.

153.     More specifically, Defendant fired Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, and its Hispanic employees who worked out of its Pembroke Pines office and lived in Miami-Dade County and utilized its non-Hispanic employees who had less seniority, who worked out of its West Palm Beach and lived outside of Miami-Dade County in order to continue the performance of the work

27

at the jobsite located in Miami-Dade and Broward Counties.

154.    Defendant engaged in one or more prohibited "discriminatory practice", as the term is defined by Fla. Stat. §760.02(4) and by §760.10(1) by engaging in the aforesaid actions, which is prohibited by Chapter 760, Florida Statutes.

155.    The discriminatory actions of Defendant against Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, when considered individually or collectively, constitutes an adverse employment action because of their race for purposes of FCRA.

156.    These actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of the employment of Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, and/or adversely affected their status as employees.

157.    As such, the disparate treatment they suffered constitutes an adverse employment action within the meaning of FCRA.

158.    Defendant's actions were malicious and demonstrated a reckless indifference to Plaintiff's rights pursuant to FCRA.

159.    The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

160.    Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, suffered damages in the form of lost

28

income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

161.    Pursuant to the FCRA, Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, are entitled to recover their attorneys' fees and costs from Defendant, in addition to damages and punitive damages.

WHEREFORE Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, demands the entry of a judgment in their favor and against Defendant, Pike Electric, LLC, after a trial by jury, declaring that the Defendant violated the FCRA, awarding them compensatory damages including the loss of income in the past and in the future, lost benefits, seniority rights, for mental anguish, loss of dignity, other intangible injuries, for punitive damages, granting them a permanent injunction against Defendant from engaging in discriminatory employment practices on the basis of race, promoting Plaintiffs to the position to which they should be holding, and awarding them their taxable costs and attorneys' fees.

### COUNT V – VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### (DISPARATE TREATMENT – NATIONAL ORIGIN)

Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, reincorporate and re-allege paragraphs 1 through 64 as though set forth fully herein and further alleges as follows:

29

162.    The Florida Civil Rights Act of 1992 ("FCRA") makes it unlawful for an employer such as the Defendant to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of that individual's national origin.

163.    Defendant was, at all times material to this action, a "person" and/or an "employer" that was and remains subject to the Florida Civil Rights Act of 1992 by employing more than 15 people for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

164.    The FCRA prohibits Defendant from making employment decisions or from taking personnel actions affecting the terms, conditions, and/or privileges of employment based upon national origin considerations.

165.    The FCRA allows a prevailing employee to obtain an order prohibiting Defendant from engaging in its discriminatory practice(s) and providing affirmative relief from the effects of the practice(s), to recover back pay, compensatory damages, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages. Fla. Stat. §760.11(5).

166.    Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, possessed the skills, background, and qualifications necessary to perform the duties of their positions.

167.    Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, performed their work for Defendant satisfactorily, and they was in all respects good employees of Defendant.

168.    Defendant discriminated against Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo,

30

Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, by failing to treat they the same or similar to its non-Hispanic employees as a result of their national origin.

169.    One of the ways that Defendant treated Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda , (and their current/former Hispanic employees) differently is by providing hand tools to its non-Hispanic employees, but requiring that Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, and the other Hispanic employees purchase their own hand tools because of their national origin.

170.    Another way that Defendant treated Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, (and their current/former Hispanic employees) differently is by providing equipment to facilitate the work (in order to minimize the manual labor involved) to its non-Hispanic employees, but not providing the equipment that would facilitate the work to Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, or its current/former Hispanic employees.

171.    Defendant also assigned the work so that Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Mirand,

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

and its other Hispanic employees were required to perform the more difficult, technical, and/or laborious tasks, while allowing its non-Hispanic employees to perform the easier tasks, at a slower pace, and with more assistance from co-workers.

172.    Defendant paid its similarly situated non-Hispanic employees with similar tenure and experience more than the hourly rates paid to Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, and its current/former Hispanic employees, even though the non-Hispanic employees possessed the same or inferior qualifications.

173.    Defendant allowed its non-Hispanic employees to work during inclement weather such as rain, so as to allow them to continue to receive their hourly pay, but required Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, and its current/former Hispanic employees to go home, such that they were not paid on those inclement days.

174.    Ultimately, Defendant was faced with the decision about whether to terminate employees, and if so, which ones.

175.    Defendant based its decision to terminate employees on their national origin when it terminated 23 employees on June 17-18, 2020.

176.    Defendant terminated the employment of Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, between June 17-18, 2020.

32

177.    All of the persons fired by Defendant on June 17-18, 2020 are/were Hispanic.

178.    Defendant filled the positions held by Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, and its other Hispanic employees by having its non-Hispanic employees who had less seniority and who were based out Defendant's West Palm Beach office take over for the work of the Hispanic employees who were performing the work, who had more seniority, and who worked out of an office and who lived in areas closer to the jobsites designated by Defendant.

179.    More specifically, Defendant fired Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, and its Hispanic employees who had more seniority, and who worked out of its Pembroke Pines office and lived in Miami-Dade and Broward Counties and utilized its non-Hispanic employees who worked out of its West Palm Beach and lived outside of Miami-Dade and/or Broward Counties and who had less seniority than Plaintiffs in order to continue the performance of the work at the jobsite located in Miami-Dade and Broward Counties.

180.    Defendant engaged in one or more prohibited "discriminatory practice", as the term is defined by Fla. Stat. §760.02(4) and by §760.10(1) by engaging in the aforesaid actions, which is prohibited by Chapter 760, Florida Statutes.

181.    The discriminatory actions of Defendant against Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, when considered individually or collectively, constitutes an adverse employment action

33

because of their national origin for purposes of FCRA.

182.    These actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of the employment of Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, and/or adversely affected their status as employees.

183.    As such, the disparate treatment they suffered constitutes an adverse employment action within the meaning of FCRA.

184.    Defendant's actions were malicious and demonstrated a reckless indifference to Plaintiff's rights pursuant to FCRA.

185.    The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

186.    Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, suffered damages in the form of lost income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

187.    Pursuant to the FCRA, Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, are entitled to recover their attorneys' fees and costs from Defendant, in addition to damages and punitive damages.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

WHEREFORE Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, demands the entry of a judgment in their favor and against Defendant, Pike Electric, LLC, after a trial by jury, declaring that the Defendant violated the FCRA, awarding them compensatory damages including the loss of income in the past and in the future, lost benefits, seniority rights, for mental anguish, loss of dignity, other intangible injuries, for punitive damages, granting them a permanent injunction against Defendant from engaging in discriminatory employment practices on the basis of national origin, promoting Plaintiffs to the position to which they should be holding, and awarding them their taxable costs and attorneys' fees.

## COUNT VI – VIOLATION OF 42 U.S.C. §1981
### (RACE DISCRIMINATION – FERNANDEZ ACHOY)

Plaintiff, Juan Jesus Fernandez Achoy, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further allege as follows:

188.    The Reconstruction Era Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") makes it unlawful to discriminate against an employee because of his race:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. §1981.

189.    Mr. Fernandez Achoy possessed the skills, background, and qualifications necessary to perform the duties of his position.

190.    Mr. Fernandez Achoy performed his work for Defendant satisfactorily, and he was

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

in all respects a good employee of Defendant.

191.    Defendant discriminated against Mr. Fernandez Achoy by failing to treat him the same or similar to its non-Hispanic employees as a result of his national origin.

192.    One of the ways that Defendant treated Mr. Fernandez Achoy (and their current/former Hispanic employees) differently is by providing hand tools to its non-Hispanic employees, but requiring that Mr. Fernandez Achoy and the other Hispanic employees purchase their own hand tools because of their race.

193.    Another way that Defendant treated Mr. Fernandez Achoy (and their current/former Hispanic employees) differently is by providing equipment to facilitate the work (in order to minimize the manual labor involved) to its non-Hispanic employees, but not providing the equipment that would facilitate the work to Mr. Fernandez Achoy or its current/former Hispanic employees.

194.    Defendant also assigned the work so that Mr. Fernandez Achoy and its other Hispanic employees were required to perform the more difficult, technical, and/or laborious tasks, while allowing its non-Hispanic employees to perform the easier tasks, at a slower pace, and with more assistance from co-workers.

195.    Defendant paid its similarly situated non-Hispanic employees with similar tenure and experience more than the hourly rates paid to Mr. Fernandez Achoy and its current/former Hispanic employees, even though the non-Hispanic employees possessed the same or inferior qualifications.

196.    Defendant allowed its non-Hispanic employees to work during inclement weather such as rain, so as to allow them to continue to receive their hourly pay, but required Mr. Fernandez Achoy and its current/former Hispanic employees to go home, such that he and they

36

were not paid on those inclement days.

197.    Ultimately, Defendant was faced with the decision about whether to terminate employees, and if so, which ones.

198.    Defendant based its decision to terminate employees on their race – in particular whether they were Hispanic or not – when it terminated 23 employees on June 17-18, 2020.

199.    Defendant terminated additional Hispanic employees during the next several months.

200.    Defendant terminated Mr. Fernandez Achoy' employment on August 17, 2020.

201.    Nearly all (if not all) of persons fired by Defendant between June 17, 2020 and August 17, 2020 are/were Hispanic.

202.    Defendant filled the position held by Mr. Fernandez Achoy and its other Hispanic employees by having its non-Hispanic employees who had less seniority and who were based out Defendant's West Palm Beach office take over for the work of the Hispanic employees who were performing the work, who worked out of an office and who lived in areas closer to the jobsites designated by Defendant.

203.    More specifically, Defendant fired Mr. Fernandez Achoy and its Hispanic employees who worked out of its Pembroke Pines office and utilized its non-Hispanic employees who had less seniority, and who worked out of its West Palm Beach in order to continue the performance of the work at the jobsite located Miami-Dade and Broward Counties.

204.    The discriminatory actions of Defendant against Mr. Fernandez Achoy, when considered individually or collectively, constitutes an adverse employment action because of his race for purposes of Section 1981.

205.    These actions constitute an ultimate employment decision, altered the

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

compensation, terms, conditions, or privileges of Mr. Fernandez Achoy' employment, and/or adversely affected his status as an employee.

206.    As such, the disparate treatment Mr. Fernandez Achoy suffered constitutes an adverse employment action for which Section 1981 provides legal recourse.

207.    Defendant's actions were malicious and demonstrated a reckless indifference to Mr. Fernandez Achoy's rights.

208.    The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

209.    Mr. Fernandez Achoy suffered damages in the form of lost income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

210.    Pursuant to Section 1981, Mr. Fernandez Achoy is entitled to recover his attorneys' fees and costs from Defendant, in addition to damages and punitive damages.

WHEREFORE Plaintiff, Juan Jesus Fernandez Achoy, demands the entry of a judgment in his favor and against Defendant, Pike Electric, LLC, after a trial by jury, declaring that the Defendant violated 42 U.S.C. §1981, awarding him compensatory damages including the loss of income in the past and in the future, lost benefits, seniority rights, for mental anguish, loss of dignity, other intangible injuries, for punitive damages, granting him a permanent injunction against Defendant from engaging in discriminatory employment practices on the basis of race, promoting Plaintiff to the position to which he should be holding, and awarding him his taxable costs and attorneys' fees.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## COUNT VII – VIOLATION(S) OF TITLE VII
## (DISPARATE TREATMENT – RACE – FERNANDEZ ACHOY)

Plaintiff, Juan Jesus Fernandez Achoy, reincorporates and re-alleges paragraphs 1 through 64 as though set forth fully herein and further alleges as follows:

211.     Defendant was at all times material Mr. Fernandez Achoy' "employer", as the term is defined by the Civil Rights Act, 42 U.S.C. § 2000e(1).

212.     Mr. Fernandez Achoy was at all times material an "employee" of Defendant, as the term is defined by the Civil Rights Act, 42 U.S.C. § 2000e(f).

213.     Title VII of the Civil Rights Act provides as follows:

**(a) Employer practices**

It shall be an unlawful employment practice for an employer—

> **(1)** to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

> **(2)** to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S. Code § 2000e–2.

214.     Mr. Fernandez Achoy possessed the skills, background, and qualifications necessary to perform the duties of his position.

215.     Mr. Fernandez Achoy performed his work for Defendant satisfactorily, and he was in all respects a good employee of Defendant.

216.     Defendant discriminated against Mr. Fernandez Achoy by failing to treat him the same or similar to its non-Hispanic employees as a result of his race – Hispanic.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

217.     One of the ways that Defendant treated Mr. Fernandez Achoy (and their current/former Hispanic employees) differently is by providing hand tools to its non-Hispanic employees, but requiring that Mr. Fernandez Achoy and the other Hispanic employees purchase their own hand tools because of their race.

218.     Another way that Defendant treated Mr. Fernandez Achoy (and their current/former Hispanic employees) differently is by providing equipment to facilitate the work (in order to minimize the manual labor involved) to its non-Hispanic employees, but not providing the equipment that would facilitate the work to Mr. Fernandez Achoy or its current/former Hispanic employees.

219.     Defendant also assigned the work so that Mr. Fernandez Achoy and its other Hispanic employees were required to perform the more difficult, technical, and/or laborious tasks, while allowing its non-Hispanic employees to perform the easier tasks, at a slower pace, and with more assistance from co-workers.

220.     Defendant paid its similarly situated non-Hispanic employees with similar tenure and experience more than the hourly rates paid to Mr. Fernandez Achoy and its current/former Hispanic employees, even though the non-Hispanic employees possessed the same or inferior qualifications.

221.     Defendant allowed its non-Hispanic employees to work during inclement weather such as rain, so as to allow them to continue to receive their hourly pay, but required Mr. Fernandez Achoy and its current/former Hispanic employees to go home, such that he and they were not paid on those inclement days.

222.     Ultimately, Defendant was faced with the decision about whether to terminate employees, and if so, which ones.

40

223.     Defendant based its decision to terminate employees on their race – in particular whether they were Hispanic or not – when it terminated 23 employees on June 17-18, 2020.

224.     Defendant terminated additional Hispanic employees during the next several months.

225.     Defendant terminated Mr. Fernandez Achoy' employment on August 17, 2020.

226.     Nearly all (if not all) of persons fired by Defendant between June 17, 2020 and August 17, 2020 are/were Hispanic.

227.     Defendant filled the position held by Mr. Fernandez Achoy and its other Hispanic employees by having its non-Hispanic employees who had less seniority, who were based out Defendant's West Palm Beach office take over for the work of the Hispanic employees who had more seniority, who worked out of an office and who lived in areas closer to the jobsites designated by Defendant.

228.     More specifically, Defendant fired Mr. Fernandez Achoy and its Hispanic employees who worked out of its Pembroke Pines office and lived in Miami-Dade County and utilized its non-Hispanic employees who had less seniority, who worked out of its West Palm Beach and lived outside of Miami-Dade County in order to continue the performance of the work at the jobsite located in Miami-Dade and Broward Counties.

229.     Defendant engaged in the above-referenced unlawful "employer practices" as the term is defined by 42 U.S. Code § 2000e–2 by engaging in the aforesaid actions.

230.     The discriminatory actions of Defendant against Mr. Fernandez Achoy, when considered individually or collectively, constitutes an adverse employment action because of his race for purposes of Title VII of the Civil Rights Act.

231.     These actions constitute an ultimate employment decision, altered the

41

compensation, terms, conditions, or privileges of Mr. Fernandez Achoy' employment, and/or adversely affected his status as an employee.

232.    As such, the disparate treatment he suffered constitutes an adverse employment action within the meaning of Title VII of the Civil Rights Act.

233.    Defendant's actions were malicious and demonstrated a reckless indifference to Plaintiff's rights pursuant to Title VII of the Civil Rights Act.

234.    The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

235.    Mr. Fernandez Achoy suffered damages in the form of lost income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

236.    Pursuant to Title VII of the Civil Rights Act, Mr. Fernandez Achoy is entitled to recover his attorneys' fees and costs from Defendant, in addition to damages and punitive damages

WHEREFORE Plaintiff, Juan Jesus Fernandez Achoy, demands the entry of a judgment in his favor and against Defendant, Pike Electric, LLC, after a trial by jury, declaring that the Defendant violated Title VII of the Civil Rights Act in discriminating against him because of his race, awarding him compensatory damages including the loss of income in the past and in the future, lost benefits, seniority rights, for mental anguish, loss of dignity, other intangible injuries, for punitive damages, granting him a permanent injunction against Defendant from engaging in discriminatory employment practices on the basis of race, promoting Plaintiff to the position to which he should be holding, and awarding him his taxable costs and attorneys' fees.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## COUNT VIII – VIOLATION(S) OF TITLE VII
### (DISPARATE TREATMENT – NATIONAL ORIGIN – FERNANDEZ ACHOY)

Plaintiff, Juan Jesus Fernandez Achoy, reincorporates and re-alleges paragraphs 1 through 64 as though set forth fully herein and further alleges as follows:

237.    Defendant was at all times material Mr. Fernandez Achoy' "employer", as the term is defined by the Civil Rights Act, 42 U.S.C. § 2000e(1).

238.    Mr. Fernandez Achoy was at all times material an "employee" of Defendant, as the term is defined by the Civil Rights Act, 42 U.S.C. § 2000e(f).

239.    Title VII of the Civil Rights Act provides as follows:

**(a)Employer practices**

It shall be an unlawful employment practice for an employer—

> **(1)** to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> **(2)** to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S. Code § 2000e–2.

240.    Mr. Fernandez Achoy possessed the skills, background, and qualifications necessary to perform the duties of his position.

241.    Mr. Fernandez Achoy performed his work for Defendant satisfactorily, and he was in all respects a good employee of Defendant.

242.    Defendant discriminated against Mr. Fernandez Achoy by failing to treat him the same or similar to its non-Hispanic employees as a result of his national origin – Hispanic.

43

243.     One of the ways that Defendant treated Mr. Fernandez Achoy (and their current/former Hispanic employees) differently is by providing hand tools to its non-Hispanic employees, but requiring that Mr. Fernandez Achoy and the other Hispanic employees purchase their own hand tools because of his/their national origin.

244.     Another way that Defendant treated Mr. Fernandez Achoy (and their current/former Hispanic employees) differently is by providing equipment to facilitate the work (in order to minimize the manual labor involved) to its non-Hispanic employees, but not providing the equipment that would facilitate the work to Mr. Fernandez Achoy or its current/former Hispanic employees.

245.     Defendant also assigned the work so that Mr. Fernandez Achoy and its other Hispanic employees were required to perform the more difficult, technical, and/or laborious tasks, while allowing its non-Hispanic employees to perform the easier tasks, at a slower pace, and with more assistance from co-workers.

246.     Defendant paid its similarly situated non-Hispanic employees with similar tenure and experience more than the hourly rates paid to Mr. Fernandez Achoy and its current/former Hispanic employees, even though the non-Hispanic employees possessed the same or inferior qualifications.

247.     Defendant allowed its non-Hispanic employees to work during inclement weather such as rain, so as to allow them to continue to receive their hourly pay, but required Mr. Fernandez Achoy and its current/former Hispanic employees to go home, such that he and they were not paid on those inclement days.

248.     Ultimately, Defendant was faced with the decision about whether to terminate employees, and if so, which ones.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

249.     Defendant based its decision to terminate employees on their race – in particular whether they were Hispanic or not – when it terminated 23 employees on June 17-18, 2020.

250.     Defendant terminated additional Hispanic employees during the next several months.

251.     Defendant terminated Mr. Fernandez Achoy' employment on August 17, 2020.

252.     Nearly all (if not all) of persons fired by Defendant between June 17, 2020 and August 17, 2020 are/were Hispanic.

253.     Defendant filled the position held by Mr. Fernandez Achoy and its other Hispanic employees by having its non-Hispanic employees who had less seniority, who were based out Defendant's West Palm Beach office take over for the work of the Hispanic employees who had more seniority, who worked out of an office and who lived in areas closer to the jobsites designated by Defendant.

254.     More specifically, Defendant fired Mr. Fernandez Achoy and its Hispanic employees who worked out of its Pembroke Pines office and lived in Miami-Dade County and utilized its non-Hispanic employees who had less seniority and who worked out of its West Palm Beach and lived outside of Miami-Dade and Broward Counties in order to continue the performance of the work at the jobsite located in Miami-Dade and Broward Counties.

255.     Defendant engaged in the above-referenced unlawful "employer practices" as the term is defined by 42 U.S. Code § 2000e–2 by engaging in the aforesaid actions.

256.     The discriminatory actions of Defendant against Mr. Fernandez Achoy, when considered individually or collectively, constitutes an adverse employment action because of his national origin for purposes of Title VII of the Civil Rights Act.

257.     These actions constitute an ultimate employment decision, altered the

45

compensation, terms, conditions, or privileges of Mr. Fernandez Achoy' employment, and/or adversely affected his status as an employee.

258.    As such, the disparate treatment he suffered constitutes an adverse employment action within the meaning of Title VII of the Civil Rights Act.

259.    Defendant's actions were malicious and demonstrated a reckless indifference to Plaintiff's rights pursuant to Title VII of the Civil Rights Act.

260.    The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

261.    Mr. Fernandez Achoy suffered damages in the form of lost income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

262.    Pursuant to Title VII of the Civil Rights Act, Mr. Fernandez Achoy is entitled to recover his attorneys' fees and costs from Defendant, in addition to damages and punitive damages

WHEREFORE Plaintiff, Juan Jesus Fernandez Achoy, demands the entry of a judgment in his favor and against Defendant, Pike Electric, LLC, after a trial by jury, declaring that the Defendant violated Title VII of the Civil Rights Act in discriminating against him because of his national origin, awarding him compensatory damages including the loss of income in the past and in the future, lost benefits, seniority rights, for mental anguish, loss of dignity, other intangible injuries, for punitive damages, granting him a permanent injunction against Defendant from engaging in discriminatory employment practices on the basis of race, promoting Plaintiff to the position to which he should be holding, and awarding him his taxable costs and attorneys' fees

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## COUNT IX – VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### (DISPARATE TREATMENT – RACE)

Plaintiff, Juan Jesus Fernandez Achoy, reincorporates and re-alleges paragraphs 1 through 64 as though set forth fully herein and further allege as follows:

263.     The Florida Civil Rights Act of 1992 ("FCRA") makes it unlawful for an employer such as the Defendant to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of that individual's race.

264.     Defendant was, at all times material to this action, a "person" and/or an "employer" that was and remains subject to the Florida Civil Rights Act of 1992 by employing more than 15 people for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

265.     The FCRA prohibits Defendant from making employment decisions or from taking personnel actions affecting the terms, conditions, and/or privileges of employment based upon race considerations.

266.     The FCRA allows a prevailing employee to obtain an order prohibiting Defendant from engaging in its discriminatory practice(s) and providing affirmative relief from the effects of the practice(s), to recover back pay, compensatory damages, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages. Fla. Stat. §760.11(5).

267.     Mr. Fernandez Achoy possessed the skills, background, and qualifications necessary to perform the duties of his position.

268.     Mr. Fernandez Achoy performed his work for Defendant satisfactorily, and he was in all respects a good employee of Defendant.

269.     Defendant discriminated against Mr. Fernandez Achoy by failing to treat him the

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

same or similar to its non-Hispanic employees as a result of his race – Hispanic.

270.    One of the ways that Defendant treated Mr. Fernandez Achoy (and their current/former Hispanic employees) differently is by providing hand tools to its non-Hispanic employees, but requiring that Mr. Fernandez Achoy and the other Hispanic employees purchase their own hand tools because of their race.

271.    Another way that Defendant treated Mr. Fernandez Achoy (and their current/former Hispanic employees) differently is by providing equipment to facilitate the work (in order to minimize the manual labor involved) to its non-Hispanic employees, but not providing the equipment that would facilitate the work to Mr. Fernandez Achoy or its current/former Hispanic employees.

272.    Defendant also assigned the work so that Mr. Fernandez Achoy and its other Hispanic employees were required to perform the more difficult, technical, and/or laborious tasks, while allowing its non-Hispanic employees to perform the easier tasks, at a slower pace, and with more assistance from co-workers.

273.    Defendant paid its similarly situated non-Hispanic employees with similar tenure and experience more than the hourly rates paid to Mr. Fernandez Achoy and its current/former Hispanic employees, even though the non-Hispanic employees possessed the same or inferior qualifications.

274.    Defendant allowed its non-Hispanic employees to work during inclement weather such as rain, so as to allow them to continue to receive their hourly pay, but required Mr. Fernandez Achoy and its current/former Hispanic employees to go home, such that he and they were not paid on those inclement days.

275.    Ultimately, Defendant was faced with the decision about whether to terminate

48

employees, and if so, which ones.

276.    Defendant based its decision to terminate employees on their race – in particular whether they were Hispanic or not – when it terminated 23 employees on June 17-18, 2020.

277.    Defendant terminated additional Hispanic employees during the next several months.

278.    Defendant terminated Mr. Fernandez Achoy' employment on August 17, 2020.

279.    Nearly all (if not all) of persons fired by Defendant between June 17, 2020 and August 17, 2020 are/were Hispanic.

280.    Defendant filled the position held by Mr. Fernandez Achoy and its other Hispanic employees by having its non-Hispanic employees who had less seniority, who were based out Defendant's West Palm Beach office take over for the work of the Hispanic employees who had more seniority, who worked out of an office and who lived in areas closer to the jobsites designated by Defendant.

281.    More specifically, Defendant fired Mr. Fernandez Achoy and its Hispanic employees who had more seniority, who worked out of its Pembroke Pines office and lived in Miami-Dade County and utilized its non-Hispanic employees who had less seniority, who worked out of its West Palm Beach and lived outside of Miami-Dade County in order to continue the performance of the work at the jobsite located in Miami-Dade and Broward Counties.

282.    Defendant engaged in one or more prohibited "discriminatory practice", as the term is defined by Fla. Stat. §760.02(4) and by §760.10(1) by engaging in the aforesaid actions, which is prohibited by Chapter 760, Florida Statutes.

283.    The discriminatory actions of Defendant against Mr. Fernandez Achoy, when considered individually or collectively, constitutes an adverse employment action because of his

49

race for purposes of FCRA.

284.    These actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of Mr. Fernandez Achoy' employment, and/or adversely affected his status as an employee.

285.    As such, the disparate treatment he suffered constitutes an adverse employment action within the meaning of FCRA.

286.    Defendant's actions were malicious and demonstrated a reckless indifference to Plaintiff's rights pursuant to FCRA.

287.    The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

288.    Mr. Fernandez Achoy suffered damages in the form of lost income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

289.    Pursuant to the FCRA, Mr. Fernandez Achoy is entitled to recover his attorneys' fees and costs from Defendant, in addition to damages and punitive damages.

WHEREFORE Plaintiff, Juan Jesus Fernandez Achoy, demands the entry of a judgment in his favor and against Defendant, Pike Electric, LLC, after a trial by jury, declaring that the Defendant violated the FCRA, awarding him compensatory damages including the loss of income in the past and in the future, lost benefits, seniority rights, for mental anguish, loss of dignity, other intangible injuries, for punitive damages, granting him a permanent injunction against Defendant from engaging in discriminatory employment practices on the basis of race, promoting Plaintiff to the position to which he should be holding, and awarding him his taxable costs and attorneys' fees.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
Tel 305.230.4884   Fax 305.230.4844
www.fairlawattorney.com

## COUNT X − VIOLATION OF FLORIDA CIVIL RIGHTS ACT
## (DISPARATE TREATMENT − NATIONAL ORIGIN)

Plaintiff, Juan Jesus Fernandez Achoy, reincorporates and re-alleges paragraphs 1 through 64 as though set forth fully herein and further allege as follows:

290.    Mr. Thompson was regularly and routinely subjected to racially discriminatory employment actions, which included the failure to promote and the failure to offer raises in the same respect as those promotions and raises offered and given to the Defendant City's non-African America employees, amongst other discriminatory practices.

291.    The Florida Civil Rights Act of 1992 ("FCRA") makes it unlawful for an employer such as the Defendant to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of that individual's national origin.

292.    Defendant was, at all times material to this action, a "person" and/or an "employer" that was and remains subject to the Florida Civil Rights Act of 1992 by employing more than 15 people for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

293.    The FCRA prohibits Defendant from making employment decisions or from taking personnel actions affecting the terms, conditions, and/or privileges of employment based upon national origin considerations.

294.    The FCRA allows a prevailing employee to obtain an order prohibiting Defendant from engaging in its discriminatory practice(s) and providing affirmative relief from the effects of the practice(s), to recover back pay, compensatory damages, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages. Fla. Stat. §760.11(5).

295.    Mr. Fernandez Achoy was at all times qualified, skilled, and capable of performing

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

all of the position that he held.

296.    Mr. Fernandez Achoy possessed the skills, background, and qualifications necessary to perform the duties of his position.

297.    Mr. Fernandez Achoy performed his work for Defendant satisfactorily, and he was in all respects a good employee of Defendant.

298.    Defendant discriminated against Mr. Fernandez Achoy by failing to treat him the same or similar to its non-Hispanic employees as a result of his national origin – Hispanic.

299.    One of the ways that Defendant treated Mr. Fernandez Achoy (and their current/former Hispanic employees) differently is by providing hand tools to its non-Hispanic employees, but requiring that Mr. Fernandez Achoy and the other Hispanic employees purchase their own hand tools because of their national origin.

300.    Another way that Defendant treated Mr. Fernandez Achoy (and their current/former Hispanic employees) differently is by providing equipment to facilitate the work (in order to minimize the manual labor involved) to its non-Hispanic employees, but not providing the equipment that would facilitate the work to Mr. Fernandez Achoy or its current/former Hispanic employees.

301.    Defendant also assigned the work so that Mr. Fernandez Achoy and its other Hispanic employees were required to perform the more difficult, technical, and/or laborious tasks, while allowing its non-Hispanic employees to perform the easier tasks, at a slower pace, and with more assistance from co-workers.

302.    Defendant paid its similarly situated non-Hispanic employees with similar tenure and experience more than the hourly rates paid to Mr. Fernandez Achoy and its current/former Hispanic employees, even though the non-Hispanic employees possessed the same or inferior

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
Tel 305.230.4884   Fax 305.230.4844
www.fairlawattorney.com

qualifications.

303.    Defendant allowed its non-Hispanic employees to work during inclement weather such as rain, so as to allow them to continue to receive their hourly pay, but required Mr. Fernandez Achoy and its current/former Hispanic employees to go home, such that he and they were not paid on those inclement days.

304.    Ultimately, Defendant was faced with the decision about whether to terminate employees, and if so, which ones.

305.    Defendant based its decision to terminate employees on their race – in particular whether they were Hispanic or not – when it terminated 23 employees on June 17-18, 2020.

306.    Defendant terminated additional Hispanic employees during the next several months.

307.    Defendant terminated Mr. Fernandez Achoy' employment on August 17, 2020.

308.    Nearly all (if not all) of persons fired by Defendant between June 17, 2020 and August 17, 2020 are/were Hispanic.

309.    Defendant filled the position held by Mr. Fernandez Achoy and its other Hispanic employees by having its non-Hispanic employees who were based out Defendant's West Palm Beach office take over for the work of the Hispanic employees who had more seniority, who worked out of an office and who lived in areas closer to the jobsites designated by Defendant.

310.    More specifically, Defendant fired Mr. Fernandez Achoy and its Hispanic employees who worked out of its Pembroke Pines office and lived in Miami-Dade County and utilized its non-Hispanic employees who had less seniority, who worked out of its West Palm Beach office and lived outside of Miami-Dade and Broward Counties in order to continue the performance of the work at the jobsite located in Miami-Dade and Broward Counties.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

311.    Defendant engaged in one or more prohibited "discriminatory practice", as the term is defined by Fla. Stat. §760.02(4) and by §760.10(1) by engaging in the aforesaid actions, which is prohibited by Chapter 760, Florida Statutes.

312.    The discriminatory actions of Defendant against Mr. Fernandez Achoy, when considered individually or collectively, constitutes an adverse employment action because of his national origin for purposes of FCRA.

313.    These actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of Mr. Fernandez Achoy' employment, and/or adversely affected his status as an employee.

314.    As such, the disparate treatment he suffered constitutes an adverse employment action within the meaning of FCRA.

315.    Defendant's actions were malicious and demonstrated a reckless indifference to Plaintiff's rights pursuant to FCRA.

316.    The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

317.    Mr. Fernandez Achoy suffered damages in the form of lost income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

318.    Pursuant to the FCRA, Mr. Fernandez Achoy is entitled to recover his attorneys' fees and costs from Defendant, in addition to damages and punitive damages.

WHEREFORE Plaintiff, Juan Jesus Fernandez Achoy, demands the entry of a judgment in his favor and against Defendant, Pike Electric, LLC, after a trial by jury, declaring that the Defendant violated the FCRA, awarding him compensatory damages including the loss of income

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

in the past and in the future, lost benefits, seniority rights, for mental anguish, loss of dignity, other intangible injuries, for punitive damages, granting him a permanent injunction against Defendant from engaging in discriminatory employment practices on the basis of national origin, promoting Plaintiff to the position to which he should be holding, and awarding him his taxable costs and attorneys' fees.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs, Yamil Avalos, Yosiel Cabrera Trujillo, Jorge Deras, Eduardo Diaz Walker, Leonardo Florentino Duarte Vidal, Juan Jesus Fernandez Achoy, Robert Gomez Borges, Samuel Gonzalez Rodiles, Antonio Llano Colome, Raul Mayans, and Alberto Miranda, demand a trial by jury of all issues so triable.

Dated this <u>4th</u> day of November 2021.

<u>s/Brian H. Pollock, Esq.</u>
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiffs*

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*